BUSBY'S ADM'X.
*vs.*
CHENAULT, &c.

---

CHANCERY.

Case 42.

January 26.

## Busby's adm'x. *vs.* Chenault, &c.

ERROR TO MADISON CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

A surviving partner having a claim against his deceased partner for firm debts paid by him, has a right to come in for payment thereof, *pari passu*, with the separate creditors of the deceased partner. (*Gow on Part.* 351; *Story on Part.* §407.)

Case stated.

Busby and J. P. Chenault were partners in merchandizing, and had in that character engaged in the business of purchasing hogs, in conjunction with W. Chenault, and selling them in the Cincinnati market. Busby died insolvent, and this suit was brought by his administratrix to have a settlement of the partnership transactions, and a distribution made of the intestate's estate amongst his creditors.

It appears that the individual estate of the intestate is wholly insufficient to pay his separate creditors,

and also that the partnership estate is insolvent, and its effects are insufficient to pay the partnership debts and liabilities. J. P. Chenault, the surviving partner, is solvent, and has had to pay firm debts to a considerable amount out of his individual means, so that upon a settlement of the partnership accounts the estate of the deceased partner will be indebted to him in a very large sum.

Under these circumstances, the question arises whether the surviving partner has a right to come upon the separate estate of the deceased partner, ratably with the separate creditors, or whether he is to be excluded until the separate creditors are paid.

It is contended that the joint creditors have a priority of right to payment out of the joint estate, and the separate creditors a similar right of priority to payment out of the separate estate, and therefore the surviving partner must look to the partnership effects for the payment of any balance due to him by the deceased partner, and that he and the joint creditors occupy the same attitude and are placed on the same footing with respect to the separate estate.

Although the surviving partner has a lien upon the partnership effects, for the payment of any balance that may be due to him upon settlement, yet he is not regarded as a creditor of the partnership, because, being liable himself for the payment of the debts, his claim must be postponed until the debts are all paid. And if the joint property be exhausted in the payment of the joint debts, any balance due to him upon the adjustment of the accounts between the parties, is in reality a debt against the estate of the deceased partner. Here the firm is indebted to the surviving partner about nine thousand dollars, but it is insolvent and has no assets to pay the debt; the loss, therefore, must devolve upon the partners, and be distributed equally. One half of it constitutes a debt against the deceased partner, and is an individual and separate liability upon his estate. In such a case the surviving partner has a right to come upon

Busby's adm'x.
vs.
Chenault, &c.

A surviving partner having a claim against his deceased partner for firm debts paid by him, has a right to come in for payment thereof, *pari passu,* with the separate creditors of the deceased partner. (*Gow on Part.* 351; *Story on Part.* §407.)

the separate estate of the deceased partner, for the payment of the balance due him, *pari passu*, with the separate creditors. (*Gow on Partnership*, 351; *Story on Partnership*, §407.)

It is contended, however, that if the surviving partner has a right to a *pro rata* of the separate estate, with the separate creditors, that still, as he had a lien by operation of law upon the partnership effects for any balance in his favor upon a settlement of the partnership accounts, he is not entitled to any portion of the separate estate, until the separate creditors have received a sum equal, *pro rata*, to that which he has received by virtue of the lien.

It is not necessary to decide whether the statute directing the mode of distributing insolvent estates amongst creditors, would or not apply to a case where the surviving partner, having a demand against the firm, had received a partial satisfaction thereof, out of the firm assets; for be this as it may, it can certainly have no application in a case like the present, where the lien has been of no avail, where there is no joint estate out of which any part of the demand can be made, and where the balance due to the surviving partner has been greatly augmented by the deficiency of the joint estate to discharge the liabilities upon it.

The court below therefore properly allowed the surviving partner to come in with the separate creditors for a *pro rata* of the separate estate of the deceased and insolvent partner. But there seem to be some errors in the details of the decree. The firm of Chenault & Busby were charged with one-half of $1,497 15, for a loss sustained in 1847 and 1848 in sales of pork to Shropshire and Savage. The account of Thomas & Co., in 1847, shows that a sale was made in that year to Shropshire and Savage amounting to $833 55; but their account for 1848 does not show that any sale was made to them out of that lot, and as the sales reported in that account, were alone embraced in the estimate made by the commissioner, the

balance of the $1,497 15, over and above the sum of $833 55, appears to have been improperly charged as a loss. The whole amount is proved by W. Chenault, but that part of the loss that occurred in 1848 does not seem to be included in the account of sales made on the lot of pork taken to market in that year. Sales were made on the road amounting to $90, which sum was omitted in the settlement, as well as the sum of $110, that had been deducted from the stipulated price by some of the persons from whom the purchases had been made, and therefore diminished, to that extent, the original cost, the whole of which appears to have been charged in making up the account.

Some disposition should have been make by the decree of the doubtful and bad debts of the firm of Chenault & Busby. It is evident that Chenault will be entitled to apply to the payment of his debt, all that may be at any time collected upon them, as a large balance will remain due to him, even after he receives his *pro rata* of the separate estate, still it is necessary to take them into the estimate, for the purpose of ascertaining the sum due him, for which he has a right to come upon the separate estate, with the separate creditors, and the commissioner should have ascertained their probable value with as much certainty as possible, and have deducted it from the balance due him by the firm.

The other objections made to the decree by the plaintiff in error are invalid. It was right to compute interest upon the loss sustained by the firm in its pork speculations, as the money necessary to discharge it had been advanced by W. Chenault. The administratrix having exhibited her bill for a settlement of the estate, was of course primarily liable for the payment of the costs; and as the result of the suit did not entitle her to recover any, the whole amount necessarily devolved upon the assets in her hands. Some of the firm debts are not expressly proved to have been paid by the surviving partner,

but as his ability to do it has not been questioned, the presumption may be indulged, that he has either paid the debts or settled them by executing his own note for the payment of them, especially as the notes are nearly all produced and on file in the record.

The correction of the errors in the decree will not produce any considerable change in the result, and the errors pointed out might not have been deemed of sufficient importance to have required a reversal of the decree, were it not for the fact that the same questions were made in the court below, by exceptions to the commissioner's report, and these errors ought to have been then corrected.

Cross errors have been assigned by the defendant, J. P. Chenault, to that part of the settlement in which a debt created by the administratrix, after her intestate's death, for the benefit of herself and family, was allowed as a charge against the estate. This was evidently erroneous, unless a portion of the debt was created for clothing necessary for the slaves belonging to the estate, which seems to be probable; and if such be the case, it would be to that extent a proper charge against the estate; but so much of the account as was created in purchasing articles for the widow and children does not constitute a debt against the estate, and was improperly allowed.

Wherefore the decree is reversed, on both the original and cross errors, and cause remanded, that the errors herein indicated may be corrected, and a decree rendered in conformity with this opinion; and as a reference to the master will be necessary to ascertain the value of the doubtful and bad debts, an inquiry may be instituted in reference to the sales to Shropshire and Savage, about which some mistake seems to have occurred that may be susceptible of explanation.

*Turner*, for plaintiff; *Caperton* and *Burnam*, for defendants.